UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

WARNER BROS. RECORDS INC. et al.,
Plaintiffs

v. C.A. No. 1:06-cv-00415-ML-DA

ANGELA TEIXEIRA,
Defendant

**DEFENDANT TEIXEIRA'S MOTION TO COMPEL PRODUCTION FROM PLAINTIFF UMG RECORDINGS, INC.**

Now comes the Defendant Angela Teixeira, by and through her attorney, pursuant to Fed. R. Civ. P. 37, LR Cv 7 and LR Cv 37, hereby moves the Court for an Order compelling the above- referenced Plaintiff to comply with "Defendant's First Request for Production Addressed to Plaintiff UMG Recordings, Inc." and served on March 5, 2007. To date, said Plaintiff has filed no response whatsoever to said Request for Production in violation of the thirty (30) day response requirements set forth in Fed. R. Civ. P. 34(b). Defendant requests a twenty (20) day Order. No Memorandum of Law is required under LR Cv 7.

Defendant, Angela Teixeira, by her Attorney,

/s/Kevin J. McAllister
Kevin J. McAllister, #2641
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; (fax) (401) 453-2345
E-mail: kmcallister@brcsm.com

**CERTIFICATION**

I certify that I mailed a true copy of the within Motion to Compel, postage prepaid, on April 10, 2007, to:

James E. O'Neil, Esq.
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852

I further certify that a copy of the within was also served on Mr. O'Neil electronically on April 10, 2007

__/s/Kevin J. McAllister

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

WARNER BROS. RECORDS, INC. et. al.

v. C.A. No. 06-415-ML

ANGELA TEIXEIRA

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION ADDRESSED TO PLAINTIFF UMG RECORDINGS, INC.**

Now comes the Defendant, by and through her Attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby requests to the above-named Plaintiff to produce the below described documents and materials at the offices of Brennan, Recupero, Cascione, Scungio & McAllister, LLP, 362 Broadway, Providence, RI 02909 within the time frame and in the form required by said Rule 34, and also in conformance with all other applicable requirements of the Fed. R. Civ. P.

1. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which support in any way your claims that the Defendant personally knew about, or participated in, any alleged copyright infringement activities as alleged in your Complaint.

2. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which support in any way the Defendant's alleged involvement or participation in the downloading of so-called Copyrighted Recordings of each Plaintiff as alleged in Paragraph 13 of the Complaint.

3. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which support in any way the allegations concerning the Defendant's

distribution of so-called Copyrighted Recordings of each Plaintiff to the public as claimed in Paragraph 13 of the Complaint.

4. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which support in any way the allegations concerning the Defendant's making of so-called Copyrighted Recordings of each Plaintiff available for distribution to others as alleged in Paragraph 13 of the Complaint.

5. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which support in any way the allegations concerning the Defendant having committed acts of infringement that "have been wilful and intentional, in disregard of and with indifference to the rights of Plaintiffs" and each of them.

6. Any and all documents, records, correspondence and other materials, whether in paper or electronic form, which are or purport to be a communication that was made with, and/or addressed to, the Defendant by or on behalf of the Plaintiffs, or any one of them.

7. Any and all documents, records, correspondence, video and/or audio recordings, transcripts of such recordings, and other materials, whether in paper, tape or electronic form, which are or which purport to be, a communication that was made by, and/or on behalf of the Defendant, and which pertains to the subject matter of the instant Complaint.

8. Any and all other non-privileged records pertaining to the Defendant in your care, custody, and/or control.

9. A privilege log containing a description (e.g. by date, name(s) of addressee, name(s) of address(es), number of pages, author, and general subject matter) of any and all documents, records, correspondence, video and/or audio recordings, transcriptions of such recordings, and

other materials, whether in paper, tape or electronic form, that are requested under the terms of this Request for Production, and that are withheld under a claim of privilege, making sure you st forth the basis (e.g. attorney-client communication) for the privilege invoked in each instance.

10. Copies of any and all communications with (i.e. to or from) American OnLine (AOL) or its affiliates or representatives, concerning the Defendant or the Defendant's AOL account or accounts.

11. Copies of each Complaint and/or Amended Complaint supporting each and every civil lawsuit that has been filed in the United States District Court for the District of Rhode Island by the Plaintiffs, or by any one of them, alleging copyright infringement in the downloading of copyrighted music, for the period beginning January 1, 2005 to the present.

12. For each civil lawsuit referred to in the preceding request for production and that has resulted in a payment of money for settlement purposes by the defendant in each such civil lawsuit, please provide a copy of all of the settlement documents executed in conjunction with each such settlement, including, but not limited to any releases, settlement agreements, forms of judgment, and dismissal stipulations.

13. Copies of any and all records, documents or other materials, whether in paper or electronic form, that demonstrate, refer to, or otherwise evidence any actual damages suffered by you as a result of the allegations made against this Defendant by you in your Complaint.

14. Copies of all of the materials referred to in Paragraph 14 of the Affidavit and Expert Report of Dr. Doug Jacobson, PhD., CFCE,, (a) -(g) inclusive, including the "MediaSentry Systemlog, MediaSentry UserLog, MediaSentry UserLog, MediaSentry Download Logs, Certificate of Registration, MediaSentry Trace, and American Online subpoena response".

15. Copies of all Certificates of Registration of copyrighted music pertaining to the above named Plaintiff that you allege in your Complaint was unlawfully downloaded by this Defendant.

Defendant, By Her Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 5th day of March, 2007, I mailed a true and accurate copy of the within Defendant's First Request for Production Addressed to Plaintiff, UMG Recordings, Inc., first class, postage prepaid to:

James E. O'Neil, Esq.
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852

[signature]