**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership, | Civil No. 1:06-cv-00415-ML-LDA<br>Judge Mary M. Lisi |
| Plaintiffs, | Magistrate Lincoln D. Almond |
| v. | |
| ANGELA TEIXEIRA, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION TO COMPEL**

Plaintiffs Warner Bros. Records, Inc., Motown Record Company, L.P., UMG Recordings, Inc., Sony BMG Music Entertainment and BMG Music (collectively "Plaintiffs"), respectfully move to strike defendant's motions to compel Plaintiffs' discovery responses for failure to comply with Rule 37(a)(2)(B). In support thereof, Plaintiffs rely on the accompanying Memorandum.

Respectfully Submitted,

Dated: April 18, 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs



#1240918 v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this __18th__ day of April, 2007, a copy of the foregoing was served upon the Defendant via United States Mail at the following address:

Kevin J. McAllister
Brennan, Recupero, Cascione, Sugngio & McAllister, LLP
362 Broadway
Providence, RI 02909
*Attorney for Defendant*

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852

WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership,

Plaintiffs,

v.

ANGELA TEIXEIRA,

Defendant.

Civil No. 1:06-cv-00415-ML-LDA

Judge Mary M. Lisi

Magistrate Lincoln D. Almond

MEMORANDUM IN SUPPORT OF PLAINTIFFS'

MOTION TO STRIKE DEFENDANT'S MOTION TO COMPEL

Now come the Plaintiffs' in the above-captioned case, by and through their Attorney, the undersigned James E. O'Neil, Esq. and offer the following Memorandum in Support of their Motion to Strike Defendants Motion to Compel:

**BACKGROUND**

Plaintiffs are record companies who own or have exclusive copyrights to a large number of sound recordings produced and sold in the United States. Together with other record companies, Plaintiffs face a massive problem of copyright infringement over the Internet. Specifically, every day, and during the relevant time period herein, millions of individuals utilize online media distribution systems over peer-to-peer (or "P2P") networks such as KaZaA to engage in the largely anonymous, illegal file-swapping of billions of perfect copies of digital music files, including Plaintiffs' copyrighted sound recordings as alleged in the Complaint. As a result of this massive infringement, Plaintiffs have, and continue to sustain, devastating financial

losses that have resulted in billions of dollars of lost revenue and thousands of individuals associated with the recording industry losing their jobs.

## STATEMENT OF FACTS

On September 19, 2005, Plaintiffs' third-party investigators, MediaSentry, Inc. (now SafeNet) (hereinafter "MediaSentry") discovered an individual distributing over 375 digital music files to thousands of other individuals over the Internet using the file-sharing program LimeWire. Acting much like any other user of LimeWire, MediaSentry downloaded a series of audio files that appeared to match sound recordings to which Plaintiffs owned or had exclusive rights in copyright. See Exhibit A to the Complaint for a list of those sound recordings. MediaSentry then sent copies of those sound recordings to the Recording Industry Association of America, where an individual listened to various sections of each sound recording to verify that it was, in fact, a digital copy of Plaintiffs' copyrighted sound recordings.

MediaSentry also collected publicly available information about the files on that computer's publicly available shared folder. This included a list of files that were being exchanged (see Exhibit B to the Complaint), data about those files (including data that indicated that many of the files had been copied from others), and the individual's Internet Protocol ("IP") address. The IP address is a unique series of numbers that are assigned by Internet Service Providers ("ISPs") to each piece of hardware connected to the Internet. This number acts much like a mailing address and is critical in making sure electronic data sent from one computer on the Internet reaches its intended destination. The IP address associated with the copyright infringement that was occurring on September 19, 2005 was 172.158.111.2.

Plaintiffs then filed a John Doe lawsuit against that otherwise anonymous individual. In response to a Rule 45 subpoena, America Online, Inc. ("AOL") identified defendant Angela

Teixeira as the registered owner of IP address 172.158.111.2 on September 19, 2005. In an effort to resolve the copyright infringement prior to litigation, Plaintiffs wrote Defendant a letter explaining that she had been identified and offering to settle before litigation.

On January 10, 2006, Defendant called Plaintiffs' Settlement Information Center. During that conversation, Defendant denied liability, but did so not based on the fact that she did not download *any* music, but because she had a dial-up connection and could not have downloaded *that many* songs. When the parties were unable to reach an agreement, based on the information gathered from MediaSentry, AOL and the conversation with the Defendant, on June 24, 2006, Plaintiffs brought suit.

On February 22, 2007, Plaintiffs served Defendant their first set of written discovery. On March 5, 2007, Defendant served on Plaintiffs Defendant's first set of discovery. Pursuant to Rules 33 and 34, Plaintiff's responses were due on Monday, April 9, 2007.

On or about March 25, 2007, Defendant responded to Plaintiffs' written discovery. In those certified responses, Defendant for the first time explicitly denied liability and identified other individuals who are more directly responsible for the copyright infringement that occurred on Defendant's computer and Internet account.

Upon reviewing the discovery responses, Plaintiffs' national coordinating counsel, Jeffrey C. Blair, attempted to contact counsel for Defendant. Between March 27 and April 2, Mr. Blair and counsel for Defendant spoke at least four separate times at length about the case and Defendant's discovery responses. See Declaration of Jeffrey C. Blair ("Blair Decl."), ¶¶ 3-7¶, attached as Exhibit A. During the course of those conversations, during which the parties were trying to reach a global settlement, Mr. Blair informed Mr. McAllister that in the event that

the parties could not resolve their dispute immediately, Plaintiffs would file a motion to dismiss the current case and would possibly pursue the individual identified by Defendant. Id., ¶ 4.

On April 2, 2007, settlement negotiations proved unsuccessful. Id., at ¶ 5. Mr. Blair again reiterated that Plaintiffs soon would be moving to dismiss the case and would likely pursue the individual identified by Defendant. Id. Mr. McAllister stated that he understood and would oppose Plaintiffs' motion. Id.

On Tuesday, April 10, 2007, within 12 hours of Plaintiffs' discovery responses being overdue and without any actual or attempted consultation with Plaintiffs' counsel, Defendant filed 10 separate motions to compel against Plaintiffs. (Doc. Nos. 11 through 20). Upon receiving notice of the Motions to Compel, on April 10, 2007, Mr. Blair immediately contacted defense counsel and asked (1) why he filed the various motions, and (2) why he had not consulted with Plaintiffs prior to filing the motions less than 12 hours after the responses were due, when he knew Plaintiffs intended to move to dismiss the Complaint less. Id., ¶ 6. Mr. McAllister acknowledged that he had not previously attempted to contact either counsel for Plaintiffs, but stated that he was unaware of any requirement to do so. Id. Mr. McAllister acknowledged that the Rhode Island state rules required such a consultation, but that he was unaware of any Rhode Island Federal Local Rule requiring such consultation. Id. Mr. Blair reiterated that he was drafting the motion to dismiss and was planning on filing it soon. Id., ¶ 7. Mr. McAllister stated that he understood, but that Plaintiffs' discovery responses were technically overdue. Id.

## ARGUMENT

Pursuant to Rule 37(a)(2)(B), any motion to compel responses to discovery requests made under Rule 33 or 34, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." *Id.* The Rule "requires litigants to seek to resolve the discovery disputes by informal means before filing a motion with the court." Fed. R. Civ. P. 37, Advisory Committee Notes to the 1993 Amendments. In the event that such motion fails to contain such a certification, the motion should be denied. See Dellosantos v. Cornell Corr., Inc., 2006 U.S. Dist. LEXIS 29176 (D.R.I. 2006). In Dellosantos, the defendant filed a motion to dismiss based on a failure to answer interrogatories or requests for production under Rule 37(d).[1] Id. at *3. The magistrate denied the motion, finding that any motion for sanctions under Rule 37(d) require a certification prior to any sanctions. Id. As such, the magistrate recommended denial of the motion. See also, Vigilant Insurance v. East Greenwich, Co., Inc., 2006 U.S. Dist. LEXIS 10142, * 17-18 (D.R.I. 2006) (denying motion for sanctions under Rule 37(d) for failure to certify that counsel attempted to resolve the dispute without the involvement of the court).

In this case, none of Defendant's 10 motions to compel contains any certification, that Defendant has either conferred or attempted to confer as required under the Rule 37(a)(2)(B). (see Docket. Nos. 11 through 20). More importantly, counsel for defendant has admitted that he never attempted to confer with Plaintiffs. Blair Decl., ¶ 6.

The purpose of the rule requiring certification is clear and is meant to avoid this exact situation. Had counsel for Defendant contacted Plaintiffs' counsel this situation would have

[1] Rule 37(a)(2)(B) and Rule 37(d) contain the same language requiring a certification. See FED. R. CIV. P. 37 (2007).

easily been avoided. Plaintiffs' counsel has repeatedly told defense counsel that Plaintiffs are going to file a motion to dismiss the case as soon as possible. Unfortunately, Plaintiffs' national counsel was traveling late last week and could not get the motion filed by April 9, 2007. Plaintiffs still intend to do so and will be doing so forthwith. Indeed, instead of spending time and money responding to Defendant's Motions to Compel, Plaintiffs likely would have been able to file their motion to dismiss. Had Defense counsel attempted to contact Plaintiffs' counsel prior to filing its multiple motions as required by the plain language of the Rules, Plaintiffs would have reiterated this. Were this assurance not good enough for Defendant, Plaintiffs would have moved for an extension of time or might have been able to file the actual motion to dismiss on April 9, 2007, the deadline for discovery responses. Obviously, this would have mooted any need for counsel to file multiple motions to compel discovery responses and Plaintiffs' counsel having to respond. Of course, Defense counsel knew all of this prior to filing the 10 separate motions.

Given this, Plaintiffs are left with the inexorable conclusion that Defendant has filed these motions, not because she actually wants such information in the face of an impending motion to dismiss, but for some other purpose, such as attempting to influence the Court's perception of Plaintiffs in preparation for Plaintiffs' forthcoming motion to dismiss. Such rationale for filing several Rule 37 motions is inconsistent with both the letter and spirit of Rule 37 and should not be countenanced.

Plaintiffs therefore request that Defendant's multiple motions to compel be stricken as premature.

Alternatively, in the event the Court denies Plaintiffs' Motion to Strike, or, for some reason, Plaintiffs do not submit their motion to dismiss shortly, Plaintiffs will submit discovery responses within 14 days of this Court's denial of Plaintiffs' Motion.

A proposed order is attached for the convenience of the Court.

Respectfully Submitted,

Dated: April 18, 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this _18th___ day of April, 2007, a copy of the foregoing was served upon the Defendant via United States Mail at the following address:

Kevin J. McAllister
Brennan, Recupero, Cascione, Sugngio & McAllister, LLP
362 Broadway
Providence, RI 02909
*Attorney for Defendant*

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852



#1240918 v1