**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership, | Civil No. 1:06-cv-00415-ML-LDA |
| | Judge Mary M. Lisi |
| Plaintiffs, | Magistrate Lincoln D. Almond |
| v. | |
| ANGELA TEIXEIRA, | |
| Defendant. | |

**DECLARATION OF JEFFREY C. BLAIR**

Jeffrey C. Blair declares:

1. I am an attorney with the law firm of Holme Roberts & Owen LLP in Denver, Colorado, licensed to practice before the Courts of the State of Colorado, the United States District Court for the District of Colorado, and the United States District Court for the Western District of Michigan. I work as National Coordinating Counsel for Plaintiffs regarding the above-named lawsuit. Unless otherwise stated, I have personal knowledge of the following and, if called and sworn as a witness, could and would competently testify thereto.

2. This Declaration is filed in support of Plaintiffs' Motion to Strike Defendant's Motions to Compel.

3. On or about March 27, 2007, I received, via email, from our co-counsel in Rhode Island, James E. O'Neil, copies of Defendant's discovery responses to Plaintiffs' first set of discovery. I reviewed the discovery responses and contacted attorney for Ms. Teixiera, Kevin J. McAllister,

to discuss the case and pursue a possible settlement. On March 28, 2007, we had two more substantive discussions.

4. During those three conversations, we discussed the fact that Defendant's responses indicated that Defendant's daughter is most likely the individual directly responsible for the infringement that occurred through Defendant's Internet account. We also discussed the possibility of a global settlement and we exchanged settlement offers. I explained that in the event that we could not reach a settlement, Plaintiffs would be willing to stipulate to the dismissal of the case or, alternatively, would be moving to dismiss the case against Ms. Teixiera and possibly pursue claims against her daughter.

5. On April 2, 2007, I again spoke with Mr. McAllister. During that conversation, it became clear that we were not going to be able to resolve the case. I offered to stipulate to a dismissal of the case, each side to bear its own costs and fees. Mr. McAllister declined our offer. I then reiterated that Plaintiffs intended move to dismiss their claim shortly and would potentially pursue Defendant's daughter. Mr. McAllister said that he understood and would oppose Plaintiffs' motion.

6. On April 10, 2007, after receiving notification of Defendant's multiple motions to compel Plaintiffs' discovery responses, I called Mr. McAllister. I specifically asked Mr. McAllister why he had not called me to confer before filing his motions to compel. While I did not specifically cite to Rule 37 or Rhode Island local rule, I asked him why he did not confer with me or James O'Neil prior to filing the motions. I explained that while I could not be positive about the requirement, in other jurisdictions, the parties are required to meet and confer prior to filing motions to compel. He said that while he knew he was required to do so under Rhode Island state law, he had reviewed the local Federal rules and could find no such requirement. He stated

that he was willing to admit to the fact that he had not attempted to confer with either myself or our local counsel, James O'Neil prior to filing the motions.

7. Finally, I reiterated that we were drafting the motion to dismiss and were planning on filing it soon. Mr. McAllister stated that he understood, but that Plaintiffs' discovery responses were technically overdue.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of April, 2007 in Denver, Colorado.

Jeffrey C. Blair, Esq.