UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

WARNER BROS. RECORDS INC. et al.,
Plaintiffs

v. C.A. No. 1:06-cv-00415-ML-DA

ANGELA TEIXEIRA,
Defendant

**DEFENDANT TEIXEIRA'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTIONS TO COMPEL**

Now comes the Defendant Angela Teixeira, by and through her attorney, and hereby supports her "...Objection to Plaintiffs Motion to Strike Defendant's Motion to Compel" as follows.

**BACKGROUND**

Defendant Angela Teixeira disputes the accuracy, completeness, propriety and candor of many of the facts asserted in Plaintiffs' "Background" and "Statement of Facts" sections of their Memorandum in Support of Plaintiffs' Motion to Strike Defendant's Motion to Compel, as well as in the "Declaration of Jeffrey C. Blair". That being said, many of those factual assertions and inaccuracies are not material to the instant Motion to Strike filed by the Plaintiffs, and each will not be addressed in this Memorandum. Rather than exhaustively address all of the factual inaccuracies, incomplete facts asserted, improper statements, and each instance of a lack of candor on Plaintiffs' part, Defendant will specify and address only those instances necessary for the Court's resolution of the instant Motion to Strike.

This is a case in which the Plaintiff record companies have wrongfully accused Angela Teixeira of willful and intentional acts copyright infringement under 17 U.S.C. sec. 101 et. seq.,

including, but not limited to doing so for the purposes of downloading music to the public and distributing the same to others. (See Complaint, paragraphs 13, and 15.) Plaintiffs assert in their Memorandum in support of the instant Motion that it was only after Defendant Teixeira timely responded to Plaintiffs' discovery requests (in the forms of a Request for Admissions, a Request for Production, and a set of Interrogatories) that "... Defendant for the first time explicitly denied liability ...". Apparently counsel for the Plaintiffs did not read Defendant Teixeira Answer and Amended Answer to the Complaint, both of which specifically denied liability and the factual allegations listed above. (See Answer and Amended Answer, Paragraphs 13 and 15, respectively.)

By their admitted willingness (set forth in their Memorandum at numbered pages 5, 6, and 8) to now dismiss their Complaint against Angela Teixeira, Plaintiffs have acknowledged that they now recognize that they cannot prove Angela Teixeira is or was liable for the acts alleged against her in the Complaint. Plaintiffs now impliedly admit that Angela Teixeira should never have been sued in the first place. It follows that Angela Teixeira should never have been exposed to the emotional and financial trauma that accompanies being sued. Regardless of the Plaintiffs' status as alleged victims of "a massive problem of copyright infringement over the Internet" as asserted at numbered page 3 of their Memorandum, in this case, Angela Teixeira stands before the Court as the real victim here.

Angela Teixeira has a statutory right (once she is determined to be the prevailing party) to seek reasonable attorneys fees and costs pursuant to 17 U.S.C. sec. 505. Plaintiffs' national counsel's (Jeffrey C. Blair) proposal to voluntarily dismiss the instant Complaint came with two (2) caveats: (1) that Defendant Teixeira waive any right to seek reasonable attorneys fees and

costs as prevailing party; and (2) that Defendant Teixeira understand that Plaintiffs might well pursue a future law suit for copyright infringement against one of Defendant Angela Teixeira's minor children after the dismissal of this case. It is important for the Court to know that with reference to caveat number (2), above, Plaintiffs' national counsel Blair has repeatedly asserted and referred to Plaintiff record companies' "National Policy" to not settle any claim against any individual defendant for less than four thousand five hundred dollars ($4,500.) once suit has commenced. Accordingly if, as part of the proposed dismissal offer in this case, Angela Teixeira waived her right to seek attorneys fees and costs, that financial loss to her and her family would likely be followed by another lawsuit against one of her minor children, and potentially, more financial loss and hardship. Plaintiffs' dismissal offer's caveat number (2) makes Plaintiffs' settlement proposal untenable, and this was communicated to Plaintiffs' national counsel. Again, Angela Teixeira is the victim here, not the Plaintiffs.

The Motion to Strike is particularly galling in that it is the Plaintiffs who are the parties who have not responded in any way to Defendant's Interrogatories and Request for Production. Presumably, since Defendant's requested discovery largely seeks identification of the facts and evidence supporting Plaintiff's Complaint, Plaintiffs are unable and/or unwilling to provide responses to the Defendant's Request for Production and Interrogatories. Plaintiffs have not complied with the time requirements set forth in Fed R Civ P 33 and 34. In contrast, as is admitted in Plaintiffs' Memorandum (at numbered page 5), Defendant complied with the deadlines set forth in Fed. R. Civ. P. 33, 34, and 36 when she was called upon to do so by Plaintiffs. It also should be noted that when the Fed R. Civ. P. 16 scheduling conference was held in this case on November 8, 2006, Plaintiffs' counsel did not appear nor participate as

ordered and did not even call the Court (before or during the conference) or contact Defendant's counsel (at any time) to explain his absence. Defendant did not complain nor seek sanctions, in spite of the facts that Plaintiffs thereby had violated a Court Order, and Defendant Teixeira had taken time from work to attend the Court-ordered conference with counsel. Plaintiffs' assertions supporting its Motion to Strike leaves one with the inference that their view is that the Federal Rules of Civil Procedure ought to be strictly enforced only against their opposing party, but not against them.

Plaintiffs' inclusion in their Memorandum of the (incomplete and sometimes inaccurate) substance of private settlement negotiations between counsel is both shocking and inappropriate. Such negotiations come with a tradition and assumption of confidence, privacy and legal protection from disclosure. Plaintiffs' inclusion of some of the content of these discussions (again, in a manner that is often inaccurate, incomplete and one-sided) in support of this Motion to Strike is outrageous.

Defendant's counsel feels compelled to respond to the "inexorable conclusion" expressed by Plaintiffs on numbered page 8 of its Memorandum, that Defendant has some improper purpose in filing her routine and entirely appropriate Motions to Compel, "such as attempting to influence the Court's perception of Plaintiffs in preparation for Plaintiffs' forthcoming motion to dismiss" its own Complaint. That "inexorable conclusion" is neither true nor justified in any way. The Court needs no further assistance in arriving at its perception of Plaintiffs and their tactics as now clarified in the context of Plaintiffs' Motion to Strike.

## STATEMENT OF FACTS

Counsel for Defendant acknowledges that he did not specifically contact Plaintiffs'

counsel prior to filing the Motions to Compel production and answers to interrogatories against each of the Plaintiffs.

This failure to contact Plaintiffs' counsel specifically about filing these Motions to Compel may or may not have been a technical violation of Fed R Civ P 37 (a)(2)(B) obligation to first confer in good faith. The reason it may have not constituted even a technical violation is that during the conversations with Plaintiffs' national counsel (that took place during the two weeks prior to filing Defendant's Motions to Compel), the fact that the deadline for Plaintiffs' responses to Defendant's discovery requests was approaching, was explicitly discussed by both counsel, and on more than one occasion. (There was even a disagreement expressed and discussed between counsel as to exactly when those responses were due, in terms of how the thirty days is computed.)

After expressing Defendant's unwillingness to accede to Plaintiffs' outrageous conditions attached to its offer of dismissal, there was really nothing left for counsel to talk about in regard to the necessary Motions to Compel the discovery that soon thereafter became overdue from Plaintiffs. Because of the approaching May 15 deadline for filing dispositive motions in this case, any request by Plaintiffs' counsel (after the thirty day response time had already expired) for an extension of time for Plaintiffs to respond likely would have been denied in any event as inappropriate and prejudicial to Defendant.

Regardless of whether Defendant's counsel still had an obligation to contact Plaintiff's counsel again under Fed R Civ P 37(a)(2)(B), any violation was unknowing and unintentional. Whatever it was, it was *de minimus.*

Counsel for the Defendant acknowledges that his failure to include, on each Motion to

Compel, a certification under Fed R Civ P 37(a)(2)(B), was a technical violation of the Rule, but certainly an unintentional one. Again, it was *de minimus.*

**ARGUMENT**

Defendant's counsel would argue that any technical and unintentional violation on his part of Fed R Civ P 37(a)(2)(B) is not only *de minimus,* but is dwarfed in comparison to Plaintiffs' repeated ignorance and violation of far more important and substantive compliance requirements set forth in Fed R Civ P 11,16, 26, 33 and 34. Invocation of the equitable doctrine of unclean hands would seem to be perfectly appropriate here relative to Plaintiffs' Motion to Strike Defendant's Motions to Compel.

As noted above, the deadline for filing dispositive motions in this case was set for May 15, 2007. Defendant needs Plaintiffs' responses to her Interrogatories and requests for Production to support a Motion for Summary Judgment. Plaintiffs' delay in responding is causing real prejudice to Defendant's right to seek summary judgment in her favor and probably will require Defendant to ask the Court for an extension of the May 15 dispositive motion deadline. Plaintiffs, in contrast, have not be prejudiced in any way by any technical and/or *de minimus* violation of the good faith conference certification under Fed R Civ P 37(a)(2)(B). They have not even asserted they have been prejudiced in any way.

**CONCLUSION**

For all of the reasons set forth above, Defendant respectfully asks the Court to deny the Plaintiffs' Motion to Strike and afford the Defendant such other and further relief as it deems appropriate.

Defendant, Angela Teixeira, by her Attorney,

/s/Kevin J. McAllister
Kevin J. McAllister, #2641
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; (fax) (401) 453-2345
E-mail: kmcallister@brcsm.com

**CERTIFICATION**

I certify that I mailed a true copy of the within Memorandum, postage prepaid, on April 23, 2007, to:

James E. O'Neil, Esq.
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852

I further certify that a copy of the within was also served on Mr. O'Neil electronically on April 23, 2007

/s/Kevin J. McAllister