**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership, | Civil No. 1:06-cv-00415-ML-LDA |
| Plaintiffs, | Judge Mary M. Lisi |
| v. | Magistrate Lincoln D. Almond |
| ANGELA TEIXEIRA, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiffs Warner Bros. Records Inc. *et al.* (collectively, "Plaintiffs"), pursuant to FED. R. CIV. P. 41(a)(2), move to dismiss the above-named case without prejudice, each side to bear its own costs and fees. In support thereof, Plaintiffs state the following:

**BACKGROUND**

1. Plaintiffs are record companies that own or have exclusive rights in copyright for a large number of copyrighted sound recordings. Collectively, they face a massive problem of copyright infringement over the Internet through the use of peer-to-peer ("P2P") software that allows millions of users to exchange perfect digital copies of Plaintiffs' copyrighted sound recordings without Plaintiffs' authorization.

2. On September 19, 2005, Plaintiffs' third-party investigators, MediaSentry (now SafeNet), identified an individual on the Internet using the LimeWire file-sharing software and distributing over 375 music files to thousands of other individuals on the P2P network. The



#1242104 v1

computer from which these sound recordings were being distributed connected to the Internet through Internet Protocol ("IP") address 172.158.111.2. The procedures utilized by MediaSentry to obtain this IP address and other data relating to this infringement were the same as those that any other LimeWire user could have used to obtain this information. Specifically, MediaSentry logged onto LimeWire and examined the sound recordings being distributed from the computer's shared folder associated with IP address 172.158.111.2. MediaSentry then captured download logs of the sound recordings and other files being distributed from the share folder on this computer. In this instance, MediaSentry found 377 digital music files being distributed from the computer's share folder as of September 19, 2005.

3. Plaintiffs then filed a "Doe" action against this otherwise anonymous individual and obtained a federal court order allowing them to serve a subpoena on this individual's Internet Service Provider ("ISP"), America Online, Inc. ("AOL"). In response to the Rule 45 subpoena, AOL identified Defendant, Angela Teixiera, as the owner of the Internet account in question.

4. Prior to bringing suit against Defendant, Plaintiffs representatives spoke with Defendant two separate times. During those conversations, Defendant admitted knowledge of Limewire, but denied infringement based on the fact that she could not have downloaded so many songs because she had a dial up Internet connection. When the parties were unable to reach an agreement, based on the information gathered from MediaSentry, AOL, and the conversations with Defendant, Plaintiffs brought suit.

5. In response to Plaintiffs' written discovery, Defendant has now explicitly denied that she personally engaged in any infringement. She also denies any knowledge that it was occurring in her household on September 19, 2005. Furthermore, Defendant has identified another individual whom she believes are more directly responsible for the infringement of

Plaintiffs' copyrighted sound recordings, Defendant's daughter. Based on these responses, Plaintiffs seek to dismiss this claim so that they may investigate and, if warranted, pursue the individual identified by Defendant. Plaintiffs seek dismissal without prejudice so that, in the event that Defendant's daughter refutes Defendant's claim, or if additional information comes to light indicating that Defendant bears direct responsibility for the infringement, Plaintiffs may renew their claims against Defendant.

**ARGUMENT**

## I. THE COURT SHOULD ALLOW PLAINTIFFS TO VOLUNTARILY DISMISS WITHOUT PREJUDICE THEIR CLAIMS AGAINST DEFENDANT.

This Court should exercise its discretion to grant Plaintiffs' request for voluntary dismissal without prejudice of their claims against Defendant. FED. R. CIV. P. 41(a)(2) allows a plaintiff to voluntarily dismiss a claim at any time with the court's permission.

In deciding a plaintiff's motion to dismiss without prejudice, the court must determine whether dismissal will subject the defendant to "legal prejudice." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Nestor, Inc. v. Hnc Software*, 2001 U.S. Dist. LEXIS 24916, at * 3 (D.R.I. Jan. 16, 2001). Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal. *Puerto Rico Maritime*, 668 F.2d at 50 (citations omitted).

There are four "traditional factors" relevant to a determination of legal prejudice:

(a) the opposing party's effort and expense in preparing for trial;

(b) excessive delay and lack of diligence on the part of the movant;

(c) insufficient explanation of the need for a dismissal; and

(d) the present stage of litigation.



#1242104 v1

*Nestor*, 2001 U.S. Dist. LEXIS 24916, at *3 (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). Each factor need not be resolved in favor of the moving party for dismissal to be appropriate. *Id.* (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). These factors are also not exclusive. *Id.* The court must also "consider the equities . . . facing the plaintiff." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

As discussed below, the traditional factors and other legal and equitable considerations in this case weigh heavily in favor of dismissal.

### A. Defendant has Expended Little Effort and Expense in Preparing For Trial at this Early Stage in the Litigation.

Under the first factor, the Court should consider the time and expense the opposing party has expended in preparing motions and taking and responding to discovery. Here, Defendant has responded to and propounded only one set of written discovery, no depositions have been taken, and Defendant has not filed any dispositive motions. Defendant filed ten Motions to Compel, but as explained in Plaintiffs' Motion to Strike, this was a procedurally inappropriate and unnecessary action taken by Defendant without conferring with Plaintiffs.[1] At this early stage in the litigation, Defendant has expended little effort and expense in preparing for trial. Therefore, this factor weighs heavily in favor of dismissal. *See, e.g., Unterweger v. Goulder*, 1983 U.S. Dist. LEXIS 16554, at *3-4 (D. Mass. June 1, 1983) (the case was in its early stages, and the defendant would suffer no legal prejudice, where both parties had served discovery and

[1] As explained in Plaintiffs' Motion to Strike, Defendant filed ten Motions to Compel, without conferring with Plaintiffs and only twelve hours after Plaintiffs' responses were due. Defendant filed these Motions after being told that Plaintiffs intended to dismiss their Complaint against Defendant, Angela Teixeira. Plaintiffs believe that these procedurally improper Motions were filed, without conferring, in a race to the courthouse to attempt to somehow interfere with Plaintiffs' dismissal. These Motions should be stricken and not considered when deciding this Motion.

scheduled depositions). Moreover, any minimal effort and expense that Defendant has incurred may be used by Defendant's daughter in the suit Plaintiffs intend to file against her.

Any contention by Defendant that Plaintiffs should be estopped from requesting a voluntary dismissal because Defendant incurred expenses in preparing and filing its pleadings is without merit. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (stating that legal prejudice is not established by asserting that trial preparation had begun). Indeed "[t]he very purpose of Rule 41(a)(2) is to allow the District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant." *Id*. at 146.

B. Plaintiffs were Diligent and Acted Promptly in Moving to Dismiss.

Because Plaintiffs have diligently pursued litigation and settlement, this factor also weighs heavily in favor of dismissal. As described above, from before filing this action through this Motion, Plaintiffs have diligently investigated and prosecuted their claims of copyright infringement. At every stage of the litigation, Plaintiffs have acted reasonably in response to the information then available to them. Even though Defendant still has not identified the infringer by name, once Plaintiffs learned that Defendant is probably not the individual most directly responsible for the copyright infringement, they promptly informed Defendant's counsel that they intended to dismiss their claims against Defendant. Courts facing very similar circumstances, involving some of the same plaintiffs and a similar complaint alleging copyright infringement over the Internet, have found dismissal appropriate. *See Capitol Records, Inc. v. O'Leary*, 2006 U.S. Dist. LEXIS 5115, *4 (C.D. Cal. Jan. 31, 2006) (the court granted dismissal without prejudice and denied defendant's motion for attorneys' fees and costs where "[f]rom the outset of the parties' correspondence it [was] clear that Plaintiffs were only interested in one thing: knowing who was allegedly infringing their copyrights so they could bring an action

against that person."); *see Elektra Entm't Group, Inc. v Perez*, No. 05-931, slip op. at 5-7 (D. Or. Oct. 25, 2006) (**Exhibit A**); *Virgin Records Am., Inc. v. Darwin*, No. 04-1346, slip op. at 2-3, 8-11 (C.D. Cal Apr. 18, 2006) (**Exhibit B**); *Priority Records L.L.C. v Chan*, 2005 WL 2277107, at *2 (E.D. Mich. May 19, 2005) (**Exhibit C**).

C. Plaintiffs have Good Reason to Seek Dismissal – Namely to Pursue the More Directly Culpable Party.

Plaintiffs seek dismissal of their claims without prejudice and will prosecute their claims for infringement against the individual they believe is most directly responsible for the infringement. Although Plaintiffs have reason to believe that Defendant may also be culpable, directly or indirectly, for this same infringement, Plaintiffs have weighed the cost of securing additional evidence through depositions and investigation and have decided not to pursue Defendant. It is not - and could not reasonably be - disputed that such a position is in any way unreasonable or illegitimate. *Nestor*, 2001 U.S. Dist. LEXIS 24916, at *4 (where the plaintiff sought dismissal to pursue its claims for copyright infringement against the more directly culpable party, it had good reason to seek dismissal).

Because Plaintiffs seek dismissal of their claims against Defendant for a legitimate reason, this factor also weighs heavily in favor of granting Plaintiffs' motion.

D. The Litigation is in its Infancy.

Because Plaintiffs' claims against Defendant are immature, the present stage of the litigation also weighs strongly in favor of dismissal. To date, Defendants have responded to and propounded only one set of written discovery and no depositions have been taken. In addition, no dispositive motions have been filed. Thus, the relative immaturity of Plaintiffs' litigation against Defendant favors dismissal. *See, e.g., Nestor*, 2001 U.S. Dist. LEXIS 24916, at *3

(where the opposing party had not filed a motion for summary judgment, the fourth factor weighed in favor of dismissal).

In addition, the Court should consider the injustice of forcing Plaintiffs to continue to litigate their claims against Defendant. *See West Virginia-Ohio Valley Area I.B.E.W. Welfare Fund v. Amer. Tobacco Co.*, 188 F.R.D. 425, 428 (S.D. W. Va. 1999) (the court was "not inclined to force Plaintiff to carry water on litigation theories it no longer wishes to pursue in this forum"); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990). Plaintiffs seek to terminate litigation over this matter. Forcing them to continue to litigate would require them to expend time and energy against their will, and pursue claims they no longer wish to pursue. A plaintiff, especially in the early stages of litigation, should be entitled to dismiss its case in its discretion. Plaintiffs would, in fact, be prejudiced if they were forced to continue litigating claims they no longer wished to pursue.

**CONCLUSION**

WHEREFORE, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs respectfully request that the above-named case be dismissed without prejudice, each party to bear its own costs and fees.

Respectfully submitted,

Dated: April 24, 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this _24th___ day of __April____, 2007, a copy of the foregoing was served upon the Defendant via United States Mail at the following address:

Kevin J. McAllister
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
*Attorney for Defendant*

/s/ James E. O’Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852