UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

WARNER BROS. RECORDS INC. et al.,
Plaintiffs

v. C.A. No. 1:06-cv-00415-ML-DA

ANGELA TEIXEIRA,
Defendant

**DEFENDANT TEIXEIRA'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Now comes the Defendant Angela Teixeira, by and through her attorney, and hereby supports her "...Objection to Plaintiffs Motion to Dismiss Without Prejudice" as follows.

**BACKGROUND**

Defendant Angela Teixeira, again, disputes the accuracy, completeness, propriety and candor of many of the facts asserted in Plaintiffs' "Background" section of their Motion to Dismiss Without Prejudice. Paragraph numbered "4" is particularly inaccurate and untrue. Ignoring, for the sake of brevity, the impropriety of including alleged content of settlement negotiations in such a filing with the Court, the facts asserted are not true, and the source of those "facts" is not identified. At no time prior to suit did Defendant Angela admit to Plaintiffs or their agents any "knowledge of Limewire", or, for that matter, any knowledge that any downloading of the type alleged in the Complaint to have occurred on September 19, 2005.

The opening sentence of Plaintiffs' paragraph numbered "5", which implies that Defendant had admitted such knowledge [by saying "In response to Plaintiffs' written discovery, Defendant has now explicitly denied that she personally engaged in any infringement"], is particularly offensive given its inaccuracy, distortion, and lack of candor to the

Court. Defendant Teixeira has always denied any copyright infringement, both before the suit was filed, and afterwards, in her Answer and Amended Answer. See Paragraphs 13 and 15 of Answer and Amended Answer.

This is a case in which the Plaintiff record companies have wrongfully accused Angela Teixeira of willful and intentional acts copyright infringement under 17 U.S.C. sec. 101 et. seq., including, but not limited to doing so for the purposes of downloading music to the public and distributing the same to others. With the filing of their Motion to Dismiss Without Prejudice, Plaintiffs now have acknowledged that they recognize that they cannot prove Angela Teixeira is or was liable for the acts alleged against her in the Complaint. Plaintiffs now impliedly admit that Angela Teixeira should never have been sued in the first place. It follows that Angela Teixeira should never have been exposed to the emotional and financial trauma that accompanies being sued. Regardless of the Plaintiffs' status as alleged victims of "a massive problem of copyright infringement over the Internet" as asserted at Paragraph numbered 1 on page 1 of their Motion, in this case, Angela Teixeira stands before the Court as the real victim.

Angela Teixeira has a statutory right (once she is determined to be the prevailing party) to seek reasonable attorneys fees and costs pursuant to 17 U.S.C. sec. 505. In settlement discussions, Plaintiffs' national counsel's (Jeffrey C. Blair) proposal to voluntarily dismiss the instant Complaint came with two (2) caveats: (1) that Defendant Teixeira waive any right to seek reasonable attorneys fees and costs as prevailing party; and (2) that Defendant Teixeira understand that Plaintiffs might well pursue a future law suit for copyright infringement against one of Defendant Angela Teixeira's minor children after the dismissal of this case. It is important for the Court to know that with reference to caveat number (2), above, Plaintiffs'

national counsel Blair has repeatedly asserted and referred to Plaintiff record companies' "National Policy" to not settle any claim against any individual defendant for less than four thousand five hundred dollars ($4,500.) once suit has commenced. Accordingly if, as part of the proposed dismissal offer in this case, Angela Teixeira waives her right to seek attorneys fees and costs, that financial loss to her and her family would likely be followed by another lawsuit against one of her minor children, and potentially, more financial loss and hardship to her family.

## ARGUMENT

The facts that Plaintiffs' Motion to Dismiss is ***Without Prejudice,*** and includes a prayer that each party bear its own costs and attorneys fees, form the basis for Defendant Teixeira's Objection to the Motion. (Emphasis Added.)

Defendant Teixeira is amenable to the entry of dismissal against her **with prejudice, so long as her right to seek an award of costs and reasonable attorneys fees** as the prevailing party under 17 U.S.C. sec. 505 is preserved. In the alternative to preserving the Defendant's right to seek an award of costs and reasonable attorneys fees as the prevailing party, Defendant is amenable to the Court Dismissing this matter with Prejudice and with the condition that Plaintiffs (their subsidiaries and assigns) will be thereafter barred from instituting a similar suit against any member of Angela Teixeira's immediate family (i.e. spouse and children.). [Given the fact that counsel for Plaintiffs has seen fit to disclose the alleged content of settlement discussions, this exact proposal of settlement was conveyed by the undersigned to Plaintiffs' national counsel – and rejected by him --prior to the filing of Defendant's Motions to Compel.]

Under Fed. R. Civ. P. 41(a)(2), the Court may include terms and conditions in its order granting voluntary dismissal in order to prevent prejudice to the Defendant. F.A.C., Inc. V.

Cooperativa de Seguros de Vida de Puerto Rico, 449 F. 3d 185, 191 (1st Cir. 2006.) These conditions may be proposed by the parties or *sua sponte* by the Court. Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005). Examples of such conditions may include the **payment of costs** [Chavez v. Illinois State Police, 251 F. 3d 612 (7th Cir. 2001)] **and/or attorneys fees** [See, e.g. [Steinert v. Winn Group, Inc., 440 F. 3d 1214, 1222 (10th Cir. 2006) and Hinfin Realty Corp. V. The Pittston Co., 212 F.R.D. 461, 462 (E.D. N.Y. 2002)], **making the dismissal with prejudice**, [Shady Records, Inc. V. Source Enterprises, Inc., 371 F. Supp. 2d 394, 396 (S.D.N.Y. 2005) and Elbar v. Tripath Imaging Inc., 279 F. 3d 314, 316, n.1 (5th Cir. 2002)], and/or **an agreement not to assert specified claims in another action.** If the Plaintiffs are unhappy with the conditions imposed by the Court, the Plaintiffs may decline the dismissal. [Elbar v. Tripath Imaging, Inc., supra, at 320 and Babcock v. McDaniel, 148 F. 3d 797, 799 (7th Cir. 1998)]. [See, generally, Baicker-McKee, Janssen, Corr, *2007 Federal Civil Rules Handbook,* pt. III, pp. 810-811 (Thompson West Publishers 2006).]

A dismissal of the action by Plaintiffs without prejudice and without giving Defendant the right to seek her costs and reasonable attorneys fees in defense of this action, will result in legal prejudice to Defendant. Defendant in this case had to hire legal counsel. With the assistance of counsel, she has answered the Complaint, furnished detailed responses to Plaintiffs' Interrogatories, Plaintiffs' First Request for Admissions, and to Plaintiffs' Request for Production.

In addition, Defendant's counsel has propounded five sets of Interrogatories (one for each Plaintiff) and five Requests for Production (one for each Plaintiff), all geared toward discovery of the justification and support for her being sued. Plaintiffs have not filed a timely

response to any of Defendants' discovery requests. For that reason, Defendant has filed ten (10) Motions to Compel, which are pending before the Court. In response, Plaintiffs have filed a Motion to Strike the Defendant's Motions to Compel.

Discovery closes in this case on April 30, 2007, under the Pretrial Order. Because of Plaintiffs' inability or unwillingness to comply with Defendant's discovery, Defendant is now forced to seek the relief of the Court in the form of a Motion to Extend the time for filing dispositive motions, which otherwise expires on May 15, 2007. Such a Motion to Extend has already been prepared and served on Plaintiffs' counsel (on April 22, 2007) and will be filed with the Court on April 26, 2007. Defendant obviously needs Plaintiffs' responses to her discovery requests in order to have the opportunity to file a Motion for Summary Judgment.

These efforts by Defendant and her counsel have resulted in her incurring legal expenses in excess of Six Thousand Dollars ($6,000.00) to date. Defendant and her husband work full time and have two children in college already, another child scheduled to enter college in the Fall, and a fourth minor child still in high school.

Plaintiffs, in their Motion to Dismiss at page 4, state **"At this *early stage* in the litigation, *Defendant has expended little effort and expense* in preparing for trial."** (Emphases added.) (See also similar assertions at pages 5 and 6 of the Plaintiffs' Motion.) This is not an "early stage" in the litigation. Discovery closes in six days (i.e. on April 30, 2007) from the date of Plaintiffs' filing the instant Motion. As to Defendant incurring "little... expense", perhaps incurring more than $6,000.00 in legal fees is insignificant on an individual Plaintiff record company's balance sheet, but it is a back-breaking expense for Defendant Angela Teixeira and her family, unnecessarily incurred in defending an unjustified and unprovable lawsuit, which

is accompanied by the now- articulated threat to file a new law suit against one of Defendant's minor children after this Complaint is dismissed. (See Plaintiffs' Motion to Dismiss Without Prejudice at page 5, line 2.)

At page 5 of their Motion, Plaintiffs further assert that the efforts Defendant has incurred in this case "may be used by the Defendant's daughter in the suit Plaintiffs intend to file against her". Since Plaintiffs have not responded to any of the (now overdue) discovery propounded by Defendant, it is difficult to understand how this assertion by Plaintiffs makes any sense whatsoever.

In this light, it is clear that Plaintiffs' cited "traditional factors" for weighing the legal prejudice to Defendant posed by their Motion to Dismiss, weigh in favor of establishing great prejudice to Defendant if their Motion to Dismiss is granted. Even under the cases cited by Plaintiffs [Puerto Rico Maritime Shipping Auth. V. Leith, 668 F. 2d 46, 50 (1st Cir. 1981), and Nestor, Inc. V. Hnc Software, 2001 U.S. Dist. LEXIS 24916 (D.R.I. Jan. 16, 2001)], (a) the expense and effort undertaken by Defendant to defend herself against this unsupported lawsuit has been high; (b) Plaintiffs' lack of diligence and investigation led to the wrongful lawsuit and their inexcusable delay in responding to Defendant's discovery requests; (c) Plaintiffs have not explained what they will gain by suing Defendant's minor child after wrongfully causing great economic damage to Defendant and her family, and (d) Plaintiffs have waited until four days before discovery closes to try to Dismiss their case. The best they can say is that Defendant's counsel failed to confer with them prior to filing Defendant's Motion to Compel.

**CONCLUSION**

This is a disgraceful situation and one that cries out for the Court's intervention. Under

Fed. R. Civ. P. 41(a)(2) and the authorities set forth above, the Court is respectfully requested (a) to deny the Plaintiffs' Motion to Dismiss Without Prejudice; (b) in the alternative, the Court is respectfully requested to grant the Motion in part, dismissing the case WITH PREJUDICE and allowing Defendant to seek her costs and reasonable attorneys fees under 17 U.S.C. sec. 505; or (c) the Court is respectfully requested to dismiss the case WITH PREJUDICE and with the condition that Plaintiffs (their subsidiaries and assigns) be barred from instituting further litigation against the Defendant and her immediate family.

Defendant, Angela Teixeira, by her Attorney,

/s/Kevin J. McAllister
Kevin J. McAllister, #2641
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; (fax) (401) 453-2345
E-mail: kmcallister@brcsm.com

**CERTIFICATION**

I certify that I mailed a true copy of the within Memorandum, postage prepaid, on April 24, 2007, to:

James E. O'Neil, Esq.
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852

I further certify that a copy of the within was also served on Mr. O'Neil electronically on April 24, 2007

__/s/Kevin J. McAllister