**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>ANGELA TEIXEIRA,<br><br>Defendant. | Civil No. 1:06-cv-00415-ML-LDA<br><br>Judge Mary M. Lisi |

**PLAINTIFFS' REPLY TO MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiffs Warner Bros. Records, Inc., Motown Record Company, L.P., UMG Recordings, Inc., Sony BMG Music Entertainment and BMG Music (collectively "Plaintiffs"), respectfully submit their Reply in Support of their Motion to Dismiss Without Prejudice.

**BACKGROUND**

In response to Plaintiffs' written discovery, Defendant explicitly denied that she personally engaged in any infringement. She also denied any knowledge that it was occurring in her household on September 19, 2005, the date Plaintiffs' agent captured evidence of infringement occurring on her computer and through her Internet account. Furthermore, in her responses to Plaintiffs' written discovery, Defendant, for the first time, identified another individual whom she believes is responsible for the infringement of Plaintiffs' copyrighted sound recordings, Defendant's daughter. Based on these discovery responses, Plaintiffs seek to dismiss this claim so that they may pursue their claims against the individual identified by Defendant.

While nothing in the record absolves Defendant of liability, Plaintiffs prefer to pursue their claims against the individual most directly liable for copyright infringement. Plaintiffs seek dismissal without prejudice so that, in the event that Defendant's daughter refutes Defendant's claim, or if additional information comes to light indicating that Defendant bears direct responsibility for the infringement, Plaintiffs may renew their claims against Defendant.

Defendant is playing games with Plaintiffs and with this Court. Early on, Defendant acknowledged some infringement, but did not identify those individuals she believed most directly responsible. Instead, Defendant offered an inaccurate technical argument that she did not believe it was possible to download such a large amount of copyrighted sound recordings over a dial-up internet connection. As soon as Defendant identified her daughter as the individual she believed most directly responsible for the infringement at issue, Plaintiffs promptly sought to either: 1) enter a global settlement covering both Defendant and her daughter, as well as any other members of Defendant's house who may have violated Plaintiffs' copyrights; or 2) dismiss their case against Defendant and pursue their claims for copyright infringement against her daughter. When the parties were unable to reach a settlement, Plaintiffs' counsel informed Defendant's counsel that he would file a motion to dismiss the case.

Aware of the imminent motion to dismiss, and without conferring with Plaintiffs, Defendant filed ten Motions to Compel within twelve hours of Plaintiffs' discovery responses being due. On April 10, 2007, Plaintiffs filed a Motion to Strike Defendant's Motions to Compel on the grounds that Defendant violated Rule 37(a)(1)(B) by failing to confer with Plaintiffs prior to filing, which the Court granted on April 2, 2007. These inappropriate and unnecessary motions caused both parties to incur needless expense.



#1245577 v1

While Plaintiffs acted reasonably in bringing this case and in promptly seeking to dismiss it, Defendant has needlessly filed inappropriate and unnecessary motions, increased expense to both parties, and attempted to manipulate this litigation into a shield to protect her daughter from the consequences of her infringement of Plaintiff's copyrights).

Both parties agree that the case should be dismissed. The only question that remains is whether the dismissal should be conditioned. For the reasons stated below, the case should be unconditionally dismissed without prejudice, without fees, and without conditions limiting Plaintiffs' ability to prosecute their claims for copyright infringement against the responsible individual.

## I. AN UNCONDITIONAL DISMISSAL OF THE LAWSUIT WILL NOT PREJUDICE DEFENDANT

Faced with a Rule 41(a)(2) motion, a court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Leith*, 668 F.2d at 50 (1st Cir. 1981). Absent such prejudice, a Rule 41(a)(2) motion should be granted. *Id.*

As demonstrated in Plaintiffs' Motion, Defendant will not suffer plain legal prejudice if the court unconditionally dismisses the lawsuit. In their Motion, Plaintiffs demonstrated that the four "traditional factors" relevant to a determination of legal prejudice all way in favor of an unconditional dismissal: (a) Defendant has incurred little effort and expense in preparing for trial; (b) Plaintiffs acted promptly to dismiss this claim when they learned that another individual is most directly responsible for the copyright infringement at issue; (c) Plaintiffs explained their proper reason for dismissing their claims; and (d) the litigation is in its early stages.



#1245577 v1

Because Defendant will not suffer plain legal prejudice as the result of an unconditional dismissal, each of Defendant's proposed conditions: 1) that the dismissal be with prejudice; 2) that Defendant be awarded attorney's fees; and 3) that Plaintiffs be barred from instituting a similar suit against Defendant's spouse and children, is inappropriate and should be denied.

**1. The Dismissal Should Be Without Prejudice.**

Plaintiffs seek dismissal without prejudice so that, in the event that Defendant's daughter refutes Defendant's claim, or if additional information comes to light indicating that Defendant bears direct responsibility for the infringement, Plaintiffs may renew their claims against Defendant. Defendant has not been forthcoming and continues to not be forthcoming. While Plaintiffs indicated that their intent is only to pursue the individual(s) responsible for the copyright infringement at issue, Defendant only recently identified her daughter as the individual she believes responsible.

Dismissal with prejudice, the "harshest condition available to [the court]," would unfairly prejudice Plaintiffs. *Elbaor*, 279 F.3d at 319. In the event that Defendant identified her daughter in an attempt to avoid liability, Plaintiffs would not be able to pursue their claims against the actual infringer.

Defendant cites *Shady Records, Inc. v. Source Enterprises* to support her assertion that the dismissal should be with prejudice. 371 F. Supp. 2d 394, 396 (S.D.N.Y. 2005). That case is not helpful. In *Shady Records*, the judge dismissed the case with prejudice because it had been pending for well over a year, discovery had been completed, summary judgment motions by all parties had been adjudicated, pretrial submissions had been made, and the case was ready for trial in less than two weeks. *Id.* Further, in that case, the plaintiff conceded that its remaining claims should be dismissed with prejudice. *Id.*

Unlike the situation in *Shady Records*, the litigation in the present case is in its early stage. Defendant has answered the complaint, served discovery on Plaintiffs, and filed ten unnecessary and inappropriate motions to compel, which were stricken by the Court.

The other case cited by Defendant, *Elbaor v. Tripath Imaging, Inc.* is also unhelpful to Defendant because in that case, the Fifth Circuit held that dismissing all of the plaintiffs' claims with prejudice was an abuse of discretion because there was no showing how the company would be prejudiced by the unconditional dismissal of all claims. 279 F.3d at 319. The court held that the absolute loss of a defense, such as statute of limitations or forum non conviens, was the type of legal prejudice that precluded the granting of an unconditional dismissal.

Unlike in *Elbaor*, in the present case, Plaintiffs are not seeking unconditional dismissal in order to re-file in another jurisdiction and strip Defendant of a valid defense. Instead, they are seeking unconditional dismissal in order to prosecute their claims against the individual most responsible for the infringement. If, after investigating, Plaintiffs determine that Defendant is the individual most responsible, they will re-file their claims against her.

**2. The Court Should Not Condition Dismissal Upon an Award of Attorneys' Fees.**

**(i) Attorneys' Fees Are Not Appropriate Under Rule 41(a)(2).**

Whether to impose costs and attorneys' fees as a condition of voluntary dismissal under Rule 41(a)(2) lies within the court's discretion, and is not a prerequisite to granting voluntary dismissal. *Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288, 290 (D.N.H. 1993) (citing *Leith*, 668 F.2d at 51; *Stevedoring Services of Amer. v. Armilla*, 889 F.2d 919, 921 (9th Cir. 1989)). In deciding whether to award attorneys' fees, a court considers whether the plaintiffs acted in good faith in bringing the lawsuit, the expenses incurred in preparing work product that cannot be used in defending a subsequent action, and whether the defendant could have avoided attorneys' fees.

*See Read Corp.*, 145 F.R.D. at 290 (the court granted the plaintiff's motion to dismiss without prejudice and denied the defendant attorneys fees where the plaintiff brought the lawsuit in good faith and where the defendant "could have easily saved itself most, if not all costs of [the] litigation").

As demonstrated in their Motion to Dismiss, Plaintiffs were reasonable in bringing this action. Plaintiffs brought this suit against Defendant after she was identified as the owner of the infringing Internet account in response to a federal subpoena. Plaintiffs had good reason to believe Defendant was liable. Once Plaintiffs learned that Defendant's daughter is the individual most directly responsible for the infringement at issue, they sought dismissal of this lawsuit.

While Defendant makes much of the attorneys' fees she has incurred in this action, Defendant could have avoided most, if not all costs of the litigation by identifying the individual she believes responsible for the infringement before litigation commenced. Instead, Defendant did not identify her daughter until she responded to written discovery. In addition, Defendant has driven up the cost of this litigation both for herself and for Plaintiffs by filing unnecessary and inappropriate motions. Defendant should not be rewarded for such actions.

**(i) Attorneys' Fees Are Not Appropriate Under The Copyright Act.**

The Court also should not award Defendant attorneys' fees pursuant to Section 505 of the Copyright Act. Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added). The Copyright Act restricts the court's exercise of its discretion by awarding attorneys' fees only to the prevailing party and only when equity requires such an award. Here, Defendant fails under both prongs.

First, Plaintiffs' request for a voluntary dismissal of the action, without more, does not render Defendant the "prevailing party" under the Copyright Act. A voluntary dismissal is effectuated by the parties and does not in itself confer "prevailing party" status on the defendant. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. Health & Human Servs.*, 532 U.S. 598, 605 (2001) (rejecting "catalyst theory," whereby a litigant's voluntary change in conduct renders its adversary the "prevailing party").

Next, even if Defendant were the prevailing party, no attorneys' fees are warranted under Section 505 of The Copyright Act. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), the United States Supreme Court set forth the factors that courts must consider in exercising their discretion to award attorneys' fees to a prevailing party in a copyright case: 1) frivolousness of the action, the plaintiff's motivation, the objective unreasonableness (factual and legal) of the claims, and the need to advance considerations of compensation and deterrence. *See also Rosciszewski v. Arete Assocs., Inc*., 1 F.3d 225, 234 (4th Cir. 1993) (delineating standard for awarding attorneys' fees); *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 2007 U.S. Dist. LEXIS 14244 (E.D. Va. 2007) (applying *Fogerty* factors in refusing to award attorneys' fees to defendant).

Here, an analysis of the relevant *Fogerty* factors mandates a denial of attorneys' fees. Under the first and third *Fogerty* factors, Plaintiffs' action was neither "frivolous" nor "objectively unreasonable." At the time the action was filed, Plaintiffs had substantial reason to believe that Defendant engaged in the acts of infringement at issue. Defendant was identified in response to a court-ordered federal subpoena as the owner of the Internet account through which the infringement occurred. Therefore, Plaintiffs had a more than adequate basis for asserting liability for the copyright infringement alleged in the Complaint. *See O'Leary,* 2006 U.S. Dist.

LEXIS 5115, *4 ("the record is clear that Plaintiffs were reasonable in bringing an action against [defendant] because the Internet account used to commit the alleged infringement was registered in her name only"); *Priority Records L.L.C. v. Chan*, No. 04-cv-73645, 2005 WL 2277107, at *2 (E.D. Mich. May 19, 2005) (observing that it was proper to bring a lawsuit under the Copyright Act against "the registered user for the IP address from which the allegedly improper downloading and file sharing occurred").

In addition, the second *Fogerty* factor weighs in Plaintiffs' favor. Plaintiffs brought this action in an effort to protect their copyrights – a justification entirely faithful to the purposes of the Copyright Act. *See also Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, 33 U.S.P.Q.2d 1223, 1224 (E.D. La. 1994) (holding it would be inconsistent with the purposes of the Copyright Act to "deter plaintiffs . . . from bringing suits when they have a reason to believe, in good faith, that their copyrights have been infringed").

**3. The Court Should Not Bar Plaintiffs From Bringing A Similar Suit Against Defendant's Spouse Or Children.**

Defendant's proposed condition barring Plaintiffs from instituting a similar suit against any member of her immediate family is without legal or logical support. Plaintiffs' stated purpose in dismissing this case is to prosecute their claims for copyright infringement against the individual most directly responsible, Defendant's daughter. Defendant's proposed condition is a transparent attempt to strip Plaintiffs of their rights under the Copyright Act and to shield her daughter from the potential liability she faces for the harm she has done to the recording industry.

It is Plaintiffs' right to prosecute their claims for copyright infringement. While nothing in the record absolves Defendant, Plaintiffs prefer to pursue claims against those most directly responsible for copyright infringement. Upon learning that Defendant's daughter is the

individual most directly responsible for the infringement at issue, Plaintiffs informed Defendant that, absent a global settlement with Defendant, they would dismiss this lawsuit and prosecute their claims against Defendant's daughter. Defendant points to nothing that justifies stripping Plaintiffs of their legal rights. On the contrary, Plaintiffs have been forthcoming and acted reasonably and are entitled to prosecute their claims for copyright infringement.

While authority exists for conditioning dismissal on a covenant not to sue a defendant, Plaintiffs are aware of no legal authority supporting a dismissal that bars a party from seeking redress from responsible third parties. "The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice." *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 2006 U.S. Dist. LEXIS 3543, at *11 (D.N.J. 20060 (citing *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989)) (emphasis added). In *Sypniewski*, the court granted the plaintiffs' motion to dismiss with the condition that the plaintiffs covenant not to sue the defendants. 2006 U.S. Dist. LEXIS 3543, at *16. Similarly, in *Elbaor,* the district court had discretion to impose conditions on dismissal that prevented the plaintiff from re-filing claims against the defendant in a jurisdiction with a longer statute of limitations. 279 F.3d at 320. These cases do not contemplate extending the covenant not to sue to third parties.

As Defendant's proposed condition is without legal support and contravenes Plaintiffs' intention to prosecute their claims against the individual most directly responsible for the copyright infringement at issue, it should be denied and the motion to dismiss should be granted without condition.

## CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs respectfully request that the above-named case be unconditionally dismissed without prejudice, each party to bear its own costs and fees.

Respectfully Submitted,

Dated: May 7, 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this __7th__ day of __May____, 2007, a copy of the foregoing was served upon the Defendant via United States Mail at the following address:

Kevin J. McAllister
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
*Attorney for Defendant*

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)



#1245577 v1